IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-09 Erie |
| ) | |
| LEONARD SHOUGH ) | |

## SECOND POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the defendant, LEONARD SHOUGH, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Second Position With Respect to Sentencing Factors. In support thereof Counsel states:

This case has been remanded for resentencing by the United States Court of Appeals for the Third Circuit. Despite the fact that this Court sentenced Mr. Shough subsequent to the Supreme Court's landmark decision in United States v. Booker, 542 U.S. ___, 125 S.Ct. 738 (2005), and stated on the record at the initial sentencing that it understood that the guidelines were no longer binding and did not treat them as such, the Third Circuit remanded the case so that this Court could "resentenc[e] in accordance with Booker." The Third Circuit did not address the merits of Mr. Shough's argument on appeal that this Court had erroneously calculated the amount of loss under the guidelines.

The Court will remember that Mr. Shough pled guilty to one count of identity theft for assuming the identity of Kenneth Green. Mr. Shough also accepted responsibility for the remaining counts of the indictment which charged him with defrauding the Social Security Administration by receiving disability benefits under his true name of Leonard Shough when he was actually working and receiving income using the name and social security number of Kenneth Green, defrauding two

banks by using Kenneth Green's name and social security number to open checking accounts at the banks, and defrauding three mortgage companies by obtaining three mortgages by using Kenneth Green's name and social security number. The amount of loss for guideline purposes was contested at the first sentencing. Both parties agreed that the loss should include $63,644.85 that Mr. Shough received illegally from the Social Security Administration, $2420 Mr. Shough obtained from a finance company using Mr. Green's name and which was not paid back, and $1,250 for a student loan Mr. Shough obtained using Mr. Green's name and which was not repaid. The disagreement in the amount of loss dealt with whether the value of the three mortgages (the first mortgage totaled $36,900, the second mortgage totaled $47,200, and the third mortgaged totaled $62,400, for a grand total of $146,500) should have been included in the amount of loss given that the first two mortgages had been repaid in full, and Mr. Shough had deeded the house securing the third mortgage to the mortgage company and the value of the house exceeded the unpaid balance of the mortgage and therefore the mortgage companies did not suffer any actual loss. Mr. Shough argued that since there was no actual loss to the mortgage companies, and that Mr. Shough did not intend to cause a loss to the mortgage companies (he in fact paid the first two and made sure the third didn't lose money by deeding it the house), there was no loss for guideline purposes. The government argued, and the Court agreed, that the real Kenneth Green's ability to obtain credit was reduced by Mr. Shough's obtaining credit under the name Kenneth Green, and therefore the amount of the mortgages should be included in the loss calculations. The Court stated its ruling as follows:

> But I agree with the government on this thing. Certainly, when X gets $146,500 in credit using Y's name, then that is 146,000 that Y could not get. Y being the real Mr. Green, X being Mr. Shough.

Sentencing Transcript p.46. The Court then found that the total loss was $213,818.85. Id. at p. 47.

Based upon this loss figure, the Court calculated Mr. Shough's offense level as follows: base offense level 6, plus a 12-level increase because the loss was more than $200,000 but less than $400,000, a 2-level enhancement because the offense involved sophisticated means, a 3-level reduction for acceptance of responsibility for a total offense level of 17. The Court then granted the government's motion for an upward departure, departing upward 5 levels to an offense level 22. An offense level of 22 and a criminal history category V resulted in a guideline imprisonment range of 77-96 months. The Court imposed a sentence of 84 months imprisonment.

Mr. Shough continues to object to the Court's calculation of the amount of loss for guideline purposes. Mr. Shough continues to take the position that the amount of the three mortgages Mr. Shough obtained in the name of Kenneth Green should not be included in the amount of loss. Those arguments will not be restated here, as the Court has already considered them and ruled on them. Mr. Shough simply wants to make clear that he is preserving the arguments he made at the original sentencing for appeal. Based upon these objections, Mr. Shough's total offense level should be 11 which combined with a criminal history category V results in a guideline imprisonment range of 24-30 months.

Mr. Shough does have a new objection to the Court's use of $146,500 for the amount of loss based on the theory that the real Kenneth Green's ability to obtain credit was reduced by $146,500 based on Mr. Shough's procurement of the three mortgages. The problem with using the $146,500 figure is that the real Kenneth Green's ability to obtain credit was never reduced, **at any one point in time** by $146,500. Put another way, Mr. Shough never obtained a mortgage in the amount of $146,500 that correspondingly reduced Mr. Green's ability to receive credit by $146,500. Rather, Mr. Shough obtain three mortgages in succession that totaled $146,500. The first mortgage totaled

$36,900. While that mortgage was outstanding, the real Kenneth Green's ability to obtain credit was reduced by $36,900. The second mortgage totaled $47,200, but was used to pay off the first mortgage. Thus, while the second mortgage was outstanding, the real Kenneth Green's ability to obtain credit was reduced by $47,200, not by $84,100. The third mortgaged totaled $62,400, and was used to pay off the second mortgage. Thus, while the third mortgage was outstanding, the real Kenneth Green's ability to obtain credit was reduced by $62,400, not by $146,500. Accordingly, the most the real Kenneth Green's ability to obtain credit was reduced by at any point in time (as a result of the mortgages) was $62,400. So, even under the Court's theory that Mr. Shough's obtaining of the mortgages diminished Mr. Green's ability to obtain credit, the most the loss could be is $62,400.

If the loss for the mortgages is $62,400 rather than $146,500, the total loss is $129,714.85 ($62,400 + $62,644.85 + $2420 + $1250). A loss of $129,714.85 results in an addition of 10 levels to the base offense level pursuant to U.S.S.G. § 2B1.1 rather than the addition of 12 levels as called for by a loss figure of $213,818.85. Accordingly, the total offense level should be 15, rather than 17 as found by the Court at the original sentencing. A total offense level of 15 and a criminal history category of V results in a guideline imprisonment range of 37-46 months.

At the initial sentencing the Court departed upward 5-levels for Mr. Shough's actions in assuming Mr. Green's identity. Mr. Shough continues to object to the departure. However, if the Court is still inclined to depart, it should depart from an offense level of 15, rather than 17. A 5-level departure from offense level 15 results in an offense level of 20 which, when combined with a criminal history category V results in a guideline imprisonment range of 63-78 months.

WHEREFORE, the defendant, LEONARD SHOUGH, respectfully requests that this Honorable Court impose a sentence with the advisory guideline range of 24-30 months.

Respectfully submitted,

/s/ Thomas W. Patton
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653