1                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF PENNSYLVANIA
2

3   UNITED STATES OF AMERICA        :
                                    :
4        v.                         :    Criminal No. 04-9E
                                    :
5   LEONARD SHOUGH                  :

6

7

8

9           Sentencing Hearing in the above-captioned

10      matter held on Tuesday, December 6, 2005

11      commencing at 9:00 a.m., before the Honorable

12      Maurice B. Cohill, at the United States Courthouse,

13      Courtroom A, 617 State Street, Erie, Pennsylvania

14      16501.

15

16

17

18

19  For the United States of America:

20       Christian A. Trabold, Esquire
         Office of the United States Attorney
21

22  For the Defendant:
         Thomas Patton, Esquire
23       Office of the Federal Public Defender

24

25              Reported by Janis L. Ferguson, RPR


1

1                          I N D E X

2

3    TRANSCRIPT OF PROCEEDINGS . . . . . . . . . . . . . . . . .  3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE COURT:  This is the case of United States of

2   America against Leonard Shough.

3              We sentenced Mr. Shough last January, and the

4   Third Circuit Court of Appeals sent the case back.  They

5   didn't give us much guidance, but the total opinion of the

6   Circuit says this:  "Appellant challenges his sentence under

7   United States versus Booker, 543 U.S. Supreme Court 738,

8   2005.  The sentence having been based in part upon findings

9   made by the District Court as to the amount of loss in

10  Shough's conduct in assuming another's identity.  Having

11  determined that the sentencing issues Appellant raises are

12  best determined by the District Court of the first instance,

13  we will vacate the sentence and remand for a resentencing in

14  accordance with Booker."

15             So they don't give us much guidance here, but

16  I have received a position paper from Mr. Patton, and I'd

17  like you to expound on that, if you would.

18         MR. TRABOLD:  Yes, Your Honor.  First I'd like to

19  ensure that we put on the record that I basically -- I want

20  to raise all the objections that I raised at the first

21  sentencing hearing.  The legal objections I made to --

22  including the amount of the mortgages that were at issue in

23  the case, et al., in the loss.

24         THE COURT:  It's a little complicated, because we

25  use the -- I'll call it, for lack of a better word, the face

3

1   amount of the mortgages as the Guideline point of reference.

2   In other words, they came out to, I think, 146,000-some

3   dollars.  And that was the Guideline we looked at.  Which

4   made it a Guideline offense level of 17.  And then

5   Mr. Patton was arguing that it should not be the face amount

6   of those mortgages, but should be the actual amount

7   involved, which raised it to -- which raised it to $129,714.

8                 Quoting from Mr. Patton -- I don't want to

9   make your argument for you here.  I want to make it clear on

10  the record that I do understand what we're talking about.

11  Mr. Patton says if the loss for the mortgages is 62-4 rather

12  than 146-5, the total loss is $129,714.85.  A loss of

13  $129,714.85 results in an addition of 10 levels to the base

14  offense level, rather than the addition of 12 levels that's

15  called for by a loss figure of $213,818.85.  So he argues

16  there that the total offense level should be 15, rather than

17  17.

18            MR. PATTON:  That's correct, Your Honor.  I do,

19  though, want to state that like I did in our new position

20  with respect to sentencing factors, I still am objecting to

21  the mortgages being included at all in the amount of the

22  loss, based on the legal arguments we made in the initial

23  hearing.  But I don't see any need to go over all those

24  arguments again, because Your Honor ruled on them, and ruled

25  that you were going to include the mortgages, at least to a

1    certain extent, to the extent that Mr. Shough taking out the

2    mortgages reduced the amount of credit Mr. Green could

3    receive.

4              We still are objecting to that, you know,

5    making the same arguments that we made at the initial

6    hearing.  But if you are going to use the mortgages,

7    including them in the amount of the loss, then you have just

8    now read in, you know, the argument that we are making and

9    stating it accurately, you know, basically in that there was

10   never any point in time when Mr. Shough had $146,500 worth

11   of mortgages taken out.  They were a series of mortgages,

12   each one used to pay off the prior one, so that the largest

13   amount of any mortgage that was out at any one time was the

14   62,400.

15         THE COURT:  Right.

16         MR. PATTON:  And so, you know, that is our

17   argument.  To the extent that you are going to use the

18   mortgages at all, it should only be the 62,400.

19         THE COURT:  Thanks.  Mr. Trabold?

20         MR. TRABOLD:  Judge, we have a couple of issues.

21   First of all, this case, despite the Third Circuit returning

22   it, the Government has a strong objection to you even

23   entertaining any additional sentencing arguments, because

24   this case was decided -- you sentenced Mr. Shough, and after

25   the Booker decision came down and specifically stated on the

1   record, if my recollection is correct, which I think it is,

2   that you were acknowledging that the Guideline was only

3   advisory, and that you were not constrained by the

4   Guideline.  So --

5          THE COURT:  Yeah, I read -- I read part of the

6   transcript of the sentencing hearing this morning, and I

7   agree, I did say that.

8          MR. TRABOLD:  Well, and the difficulty the

9   Government has with that is the Third Circuit -- the case is

10  simply here today based on nothing more than a pure mistake

11  on the Third Circuit's part.

12         THE COURT:  I haven't overruled them in a long

13  time.

14         MR. TRABOLD:  Mr. Shough isn't entitled to a

15  second bite of the apple when the Third Circuit on the

16  record has clearly made a mistake.  To reduce his sentence

17  now, when really we shouldn't be here in front of you today,

18  the Government asserts is plainly not appropriate.

19             Our position remains that the entire amount

20  of the mortgages should still be considered as it was

21  considered by you before, and that that's an appropriate

22  calculation, and that the calculations you made before, the

23  way you made it, is correct.  And even beyond that, if the

24  Court was to find the argument as it relates to the amount

25  of loss today made by counsel persuasive, you're not bound

1    by the guidelines anyway and are still free to sentence

2    Mr. Shough to whatever it is that you want.  And having said

3    that, coupled with the fact that, really, Mr. Shough

4    shouldn't be here today in front of you in the first place,

5    it's our position that you should keep his sentence at what

6    it was before, for all of the reasons stated previously by

7    the Government.  Thank you.

8            THE COURT:  Okay, thanks.

9            MR. PATTON:  Judge, I don't -- I just want to

10   respond.  I understand what the Government's position is; is

11   that the Third Circuit has made an error sending it back.

12   But the fact of the matter is they vacated the sentence and

13   sent it back for a resentencing de novo, and I'm entitled to

14   make whatever argument, legal argument I can regarding the

15   sentence, and you are not limited in any way to considering

16   arguments presented today.

17           THE COURT:  Well, I think it's -- Booker really

18   talks about the District Courts making findings of fact

19   beyond a reasonable doubt where the facts are not covered in

20   a guilty plea or in a jury verdict.  But -- and I think

21   this, really, is a -- more a question of law than of fact.

22   But as Mr. Trabold points out, the Guidelines are simply

23   advisory, and we take a look at them and then use our best

24   judgment at arriving at conclusions under those -- under

25   those Guidelines.

1                    I think the mortgage question, though, does

2     make -- the question raised by Mr. Patton does make some

3     sense.  Or the issue, I guess I should say, raised by

4     Mr. Patton makes some sense.  And I'm going to decree now

5     that the loss for the mortgages should be $62,400, rather

6     than $146,500.  So the total loss becomes $129,714.85, and

7     that's arrived at by adding the Social Security, the Erie

8     Consumer Discount, the U.S. Department of Education, and the

9     mortgage loan, which comes out to a total of $129,714.85.

10                    So this results in an addition of 10 levels

11    to the base offense level set out in Sentencing Guideline

12    2B1.1, rather than the addition of 12 levels called for by

13    the old figure that we used of $213,818.85.  So that would

14    make this a total offense level of 15, as opposed to 17,

15    which we found in the previous hearing, and an offense level

16    of 15.  And I'm going to -- I'm still going to add the five,

17    which I did before, the upward departure of five levels,

18    because I think this was a -- just -- and I -- it's one of

19    the worst fraud cases I have ever heard; maybe the worse.

20    From all I gather, and from the testimony of Agent DeSantis

21    at the sentencing hearing, this man's -- Mr. -- the real Mr.

22    Green's life is absolutely ruined, and the ripple effect on

23    his family was terrible.  They didn't know until Mr.

24    Green's -- the woman that married Mr. Shough, thinking his

25    name was Green, until she died, nobody knew about this

1    fraud.   It was just a terrible situation from the beginning.

2              So I have -- I have little sympathy for

3    Mr. Shough, and I feel that justice does require us to

4    reduce the level to 15, rather than the 17 we previously

5    found.

6              But anyway, that makes an offense level of 15

7    and a point of departure for an upward departure, which I'm

8    still adding the five, which makes it an offense level of

9    20.   Under the Guidelines this would call for a range of

10   minimum of 63, maximum 78 months, and a fine in the range of

11   7,500 to $75,000.

12             Did you have anything further, Mr. Patton?

13        MR. PATTON:   Your Honor, I would just argue for

14   when you're deciding where within the range of 63 to 78

15   months -- again, we objected to the upward departure

16   originally.   We would continue to object with the same

17   arguments that we made at the original sentencing.   But I

18   understand that -- your ruling today, that you are going to

19   continue to do that.

20             Before, when you sentenced Mr. Shough, you

21   were working with a range of 77 to 96 months, and you

22   imposed a sentence of 84 months.   And so you're now working

23   with a range of 63 to 78 months.   So I'd just ask that you

24   give a sentence that is in the middle to the lower end of

25   that range, which would be consistent with what you did the

1    first time you sentenced Mr. Shough.

2             THE COURT:  Thanks.  Mr. Trabold?

3             MR. TRABOLD:  Well, Your Honor, based on the fact

4    that you just said that this is quite possibly the worst

5    fraud that you have ever seen, not only should your sentence

6    be at the high end of the range, it remains the Government's

7    position that since the range is only advisory, you should

8    maintain the same sentence on Mr. Shough that you imposed

9    before.

10            THE COURT:  Well, I'm going to lower it a little

11   bit, but I'm going to go to the top -- I'm going to go to

12   the top of the level 20 range, and we're now resentencing

13   Mr. Shough to a term of confinement of 78 months.  That's a

14   reduction of six months from the previous sentence.  All

15   other -- all other findings with respect to the sentence

16   imposed last January shall remain in full force and effect.

17            MR. PATTON:  Your Honor, I don't believe

18   Mr. Shough wants to make a statement to Your Honor, but I

19   believe it's important that give him the opportunity.

20            THE COURT:  If you wish to make a statement,

21   Mr. Shough, you may.

22            MR. SHOUGH:  I don't want to say nothing at this

23   time.  I don't want to make a statement.

24            THE COURT:  I think that's everything.

25            MR. PATTON:  The appeal rights, Your Honor.

1            THE COURT:  Sure.  You have a right to appeal,

2    Mr. Shough.  An appeal should be filed within 10 days.  If

3    you can't afford a lower, one will be appointed for you.

4            MR. PATTON:  Thank you, Your Honor.

5

6        (Hearing concluded at 9:28 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25