UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5455

UNITED STATES OF AMERICA

v.

LEONARD SHOUGH,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00009E)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before: FISHER, NYGAARD and ROTH, *Circuit Judges.*

JUDGMENT

This cause came on to be considered on the record from the United States District Court for the Western District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on May 15, 2007. On consideration whereof, it is now hereby

ORDERED and ADJUDGED by this Court that the judgment of the District Court entered December 6, 2005, be and the same is hereby AFFIRMED. All of the above in accordance with the opinion of this Court.

ATTEST:

/s/ Marcia M. Waldron
Clerk

Dated: July 16, 2007

Page Two

Certified as a true copy and issued in lieu
of a formal mandate on August 7, 2007

Teste: /s/ Marcia M. Waldron
A True Copy:
Clerk, United States Court of Appeals
for the Third Circuit

   Marcia M. Waldron, Clerk

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5455

UNITED STATES OF AMERICA

v.

LEONARD SHOUGH,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 04-cr-00009E)
District Judge: Honorable Maurice B. Cohill, Jr.

Submitted Under Third Circuit LAR 34.1(a)
May 15, 2007

Before: FISHER, NYGAARD and ROTH, *Circuit Judges*.

(Filed July 16, 2007)

OPINION OF THE COURT

FISHER, *Circuit Judge*.

Leonard Shough appeals from a judgment of sentence arguing that the District Court erred in granting the Government's request for a five-level enhancement and that, as a result, his sentence is unreasonable in light of *United States v. Booker*, 543 U.S. 320

(2005). For the following reasons, we will affirm the District Court's judgment of sentence.

I.

Because we write only for the parties, who are familiar with this matter, we will forgo a lengthy recitation of the facts. At some point in 1980, an individual named Kenneth Green gave Leonard Shough a ride in his car. During the ride, Shough stole Green's car, which contained Green's wallet, driver's license, Social Security card and discharge papers from the United States Army. Adding insult to injury, Shough began using Green's name and Social Security number to live a double life. Assuming Green's identity, Shough married, worked, and enlisted in the United States Army Reserve. He went so far as to name his son Kenneth Green, Jr. He also obtained several mortgages, bank accounts and credit cards using Green's name and Social Security number.

On several occasions, Shough applied for replacement Social Security cards in both Green's name and his own name. In 1994, while earning income as a painter under Green's name, Shough applied for Social Security disability benefits under his true name, claiming that he was unable to work as a result of various medical conditions. Shough was initially granted disability payments in the amount of $460 a month, later increased to $500 a month. He received a total of $63,644.85 in fraudulent payments.

In 2002, Shough's wife passed away and, at her wake, suspicions were aroused when attendees heard Shough being referred to as both Ken and Leonard. Shortly

2

thereafter, anonymous tipsters alerted the Erie, Pennsylvania police and the Social Security Administration that Shough was assuming Green's identity. A subsequent investigation confirmed that Shough had been using Green's name and other identifying documents for over twenty years.

In February 2004, a grand jury returned a seven-count indictment against Shough relating to the fraudulent use of another person's identification and Social Security number between November 1998 and December 2003. Shough pleaded guilty to Count One, identity theft in violation of 18 U.S.C. § 1028(a)(7) and § (b)(1)(D), of the indictment and acknowledged responsibility for Counts Two through Seven.

On January 25, 2005, the District Court sentenced Shough pursuant to the United States Sentencing Guidelines ("Guidelines"). The District Court calculated a criminal history category of V and a base offense level of 17, which yields an advisory range of 27-33 months of imprisonment. Pursuant to the Guidelines, the Government moved for a five-level enhancement arguing that the true Kenneth Green suffered substantial harm to his credit. The District Court granted the motion and Shough was sentenced to a term of 84 months of imprisonment. Shough filed a timely notice of appeal to this Court, whereupon we remanded for resentencing in light of *Booker*.

At the resentencing hearing on December 6, 2005, the District Court calculated Shough's base offense level to be 15 because of the reduced figure associated with the crimes ($129,714.85), the use of another's identity, and for acceptance of responsibility.

3

The Government once again moved for a five-level enhancement on the same grounds as before and the motion was granted. With a recalculated offense level of 20 and a criminal history category of V, the advisory Guidelines range was 63-78 months of imprisonment. After consideration of the advisory Guidelines, the District Court resentenced Shough to a term of 78 months of imprisonment. This timely appeal followed.

## II.

The District Court had jurisdiction over this criminal matter pursuant to 18 U.S.C. § 3231 and we have jurisdiction over the matter under 28 U.S.C. § 1291. In assessing a sentence, we review *de novo* the question of whether the District Court properly applied the Guidelines, but review its factual determinations for clear error. *See United States v. Batista De La Cruz*, 460 F.3d 466, 468 (3d Cir. 2006). We review the ultimate sentence for reasonableness under the factors set forth in 18 U.S.C. § 3553(a). *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Shough first argues that the District Court improperly applied a five-level enhancement but we find no error with the District Court's application of that Guidelines enhancement. In considering the enhancement at the first sentencing hearing, the District Court heard testimony from a Government agent regarding the amount of harm Green suffered as a result of Shough's criminal actions. The agent recounted that Green had difficulty obtaining credit in his name, had been detained because of crimes Shough committed, was unable to purchase a home, and was forced to change his Social Security

4

number in an attempt to differentiate himself from Shough. Thus, Shough's assertion that his actions did not cause Green substantial harm is flatly contradicted by substantial evidence in the record and we find no evidence to suggest that the District Court erroneously applied the enhancement.

Shough's argument concerning the reasonableness of his sentence is equally without merit. The burden rests with the defendant to show that the sentence is unreasonable in light of the particular circumstances. *Cooper*, 437 F.3d at 331. In appellate review of a sentence, "the touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C.S. § 3553(a)." *Grier*, 475 F.3d at 571. For consideration to be meaningful, a court does not need to make findings as to each factor or "state by rote that they have read the *Booker* decision or that they know the sentencing Guidelines are now advisory," but the record must show that "the court took the factors into account in sentencing." *Cooper*, 437 F.3d at 331.

The District Court in this case acknowledged the advisory nature of the Guidelines and further stated that it "considered the [G]uideline[s] range and the other factors set forth in 18 U.S.C. § 3553(a) in imposing an appropriate sentence." Specifically, it found Shough's fraud to be "one of the worst fraud cases I have ever heard," and further concluded that "the real Mr. Green's life is absolutely ruined, and the ripple effect on his family is terrible." With these considerations in mind, the District Court sentenced

5

Shough within the advisory range to a term of 78 months of imprisonment. The District Court's statements support a finding that meaningful consideration was given to the sentencing factors and that the factors were applied reasonably to the particular facts of this case.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.